IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>ELITE HOME HEALTH CARE, INC.<br>d/b/a ELITE HOME HEALTH CARE;<br>and HENRY L. OLDS, JR.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Elite Home Health Care, Inc., d/b/a Elite Home Health Care ("Elite") and Henry L. Olds, Jr., (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Elite Home Health Care, Inc., d/b/a Elite Home Health Care ("Elite") is, and at all times hereinafter referenced was, a Virginia corporation with a registered address

and principal place of business at 115 W. 2nd Avenue, Franklin, Virginia 23851, which is within the jurisdiction of this Court. Defendant Elite is a home healthcare business that provides in-home nursing care through direct care workers to its customers including providing companionship service and assistance with activities of daily living such as cooking, dressing, bathing, feeding and medicine reminders.

3. Defendant Henry L. Olds, Jr. ("Olds"), is, and at all times hereinafter referenced was, the President and owner of Elite. Defendant Olds managed the daily operation of Elite, directed employment practices and has directly or indirectly acted in the interest of Elite in relation to its employees at all relevant times herein, including supervising employees, hiring and firing employees, and setting pay rates and policies for employees. Defendant Olds resides in Franklin, Virginia, within the jurisdiction of this Court. Defendant Olds meets the definition of an employer within the meaning of Section 3(d) of the Act. 29 U.S.C. § 203(d).

4. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act. 29 U.S.C. 202(a)(5). Elite employs certified nursing assistants ("CNAs") and personal care aides ("PCAs") (collectively, "employees") to provide in-home care services to Elite's clients, at all times relevant herein.

5. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that the Defendants have been, through a unified operation or common control, engaged in the performance of related activities for a common business purpose. 29 U.S.C. 203(r). These activities constituted (and/or were related to) the provision of health care services to customers, in furtherance of the Defendant's business purposes. 29 U.S.C. § 203(r).

6. At all times relevant herein, Defendants have employed, and are employing, employees in and about their place of business in the activities of an enterprise engaged in commerce. Further, at all times relevant herein, Defendants have had annual gross volume sales made or done in an amount not less than $500,000, thereby affording coverage to all of their employees pursuant to Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203 (s)(1)(A)(ii).

7. From at least April 20, 2018, through April 17, 2021 ("Relevant Period") Defendants employed the individuals listed in the attached Schedule A (collectively referred to herein as "employees") including nursing staff, CNAs, PCAs, and/or other domestic workers at some point during the Relevant Period.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for hours worked over forty (40) in a workweek at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

   a. For example, during the Relevant Period, from at least April 27, 2018, through April 17, 2021, Defendants failed to compensate certain of non-exempt employees employed as CNAs and PCAs who worked over forty (40) hours in a workweek at one and one-half times their regular rate. During the Relevant Period, these employees worked at least one hour in excess of forty (40) hours per workweek.

9. Defendants knew or recklessly disregarded their obligations under section 7 of the Act, in that Defendants were required to compensate employees who worked more than forty

3

(40) hours in a workweek at the overtime rate. For example, Defendants paid certain employees straight time for all or some hours worked over (40) forty in a workweek. Additionally, in workweeks in which certain other employees worked in excess of forty (40) per workweek, Defendants paid employees a combination of straight time hourly rates and the required time and one-half premium rate and did not pay the required time and one-half premium rate for all overtime hours worked.

10. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to make, keep and preserve adequate and accurate records of their employees' wages, hours and other conditions of employment, as required by the regulations issued and found at 29 C.F.R. Part 516. Further, Defendants failed to keep proper records of their employees' regular rate of pay and the total premium pay for all overtime hours worked in a workweek and compensation as prescribed by 29 C.F.R. Part 516.2(a)(6) and (9). For example, Defendants' failed to keep accurately regular rates in overtime workweeks and fail to separate hours worked into single workweeks.

11. As a result of the willful violations alleged above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Sections 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to Plaintiff.

12. During the relevant period, Defendants continually and willfully violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the

violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1)     For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and,

(2)     For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least April 20, 2018, through April 17, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after April 17, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees;

(4)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Mailing Address:

UNITED STATES DEPARTMENT OF LABOR

Seema Nanda
Solicitor of Labor

Mohamed E Seifeldein
U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202-5450
(202) 693-9393(voice)
(202) 693-9392 (fax)
seifeldein.mohamed.e@dol.gov

Oscar L. Hampton III
Regional Solicitor

Ryma N. Lewis
Wage and Hour Counsel
VA State Bar # 83322

*/s/ Mohamed Seifeldein*
Mohamed E Seifeldein
Trial Attorney
VA State Bar # 84424

Sharon H. McKenna
U.S. Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103
(215) 861-5037 (voice)
(215) 861-5162 (fax)
mckenna.sharon.h@dol.gov

*/s/ Sharon H. McKenna*
Sharon H. McKenna
Trial Attorney
PA Bar ID # 89181 *Pro hac vice pending*

Attorneys for Plaintiff

Date: **July 15, 2022**

SCHEDULE A

|     | Name |
| --- | --- |
| 1.  | April Artis |
| 2.  | Michelle D. Artis |
| 3.  | Dianne Asuquo |
| 4.  | Shelia Banks |
| 5.  | Catina Bansah |
| 6.  | Paulette D. Barham |
| 7.  | Ruth Barham |
| 8.  | Derrick Best |
| 9.  | Annette Blount |
| 10. | Lynette Blow |
| 11. | Cristina Boone |
| 12. | Destiny S. Boone |
| 13. | Latoria Boone |
| 14. | Marquita Boone |
| 15. | Patricia B. Boone |
| 16. | Tonya Boone |
| 17. | Helen N. Boone-Beale |
| 18. | Torrance Bowers |
| 19. | Candace L. Bradshaw |
| 20. | Jymese Bradshaw |
| 21. | Loretta Bradshaw |
| 22. | Brenda Branch |
| 23. | Rita Britt |
| 24. | Karen F. Clemons |
| 25. | Alfred Cole |
| 26. | Ericka Cornick |
| 27. | Angelia M. Cross |
| 28. | Patricia Davis |
| 29. | Stephen A. Davis |
| 30. | Emma Diggs |
| 31. | Debra E. Dillard |
| 32. | Therman L. Dillard |
| 33. | Loretta Douglas |
| 34. | Tasha Douglas |
| 35. | Karen T. Earls |
| 36. | Eura A. Eley |
| 37. | LeeAnn Eley |
| 38. | Kimberly Elliot |
| 39. | Virginia Epps Street |
| 40. | Garrett Eure |
| 41. | Marian F. Evans |
| 42. | Lucy Everette |
| 43. | Tarria L. Everrett |

| 44. | Shamara Falkins |
|---|---|
| 45. | Elexus S. Fenner |
| 46. | Felicia Fenner |
| 47. | Bridget R. Flythe |
| 48. | Towanna Flythe |
| 49. | Tabatha F. Garris |
| 50. | Doris Gay |
| 51. | Anette Giles |
| 52. | Shirley Godette |
| 53. | Evelyn Goodman |
| 54. | Sherry Goodman |
| 55. | Jereline Goodwin |
| 56. | Latrice Graham |
| 57. | Phillys Grant |
| 58. | Trivonia Greene |
| 59. | Donisha Harris |
| 60. | Shirl V. Harris |
| 61. | Patricia Harrison |
| 62. | Wayne Hart |
| 63. | Teresa Hatch |
| 64. | Rosalinda Hendricks |
| 65. | Shelly Holden |
| 66. | Linda Hunter |
| 67. | Tonya Hunter |
| 68. | Antwan Joe |
| 69. | Nicole Johnson |
| 70. | Kassidi L. Johnson |
| 71. | Calvetta L. Jones |
| 72. | Debra R. Jones |
| 73. | Tiffany Jones |
| 74. | Dorothy Jordan |
| 75. | Chiquita M. Joyner |
| 76. | Josephine Joyner |
| 77. | Lasonya D. Joyner |
| 78. | Monica P. Keeling |
| 79. | Marquette M. Keeling |
| 80. | Geraldine Key |
| 81. | Brittany Knight |
| 82. | Dionja U. Lane |
| 83. | Jaceria Lankford |
| 84. | Jada Lankford |
| 85. | Audrey H. Lee |
| 86. | Alexis Lewis |
| 87. | Shirley Long |
| 88. | Viola Lovell |

| | |
|---|---|
| **89.** | James Mallory |
| **90.** | Shondarra McClenny |
| **91.** | Loreal McDonald |
| **92.** | Eva McLaughlin |
| **93.** | Erica S. Murphy |
| **94.** | Dasha L. Newsome |
| **95.** | Monoca Newsome |
| **96.** | Helena Person |
| **97.** | Loretta Peterson |
| **98.** | Carzette Phelps |
| **99.** | Alexis Phipps |
| **100.** | Bridgitte D. Picot |
| **101.** | Hyesha Pope |
| **102.** | Joyce K. Ralph |
| **103.** | LaToya M. Rawlings |
| **104.** | Denashia Ridley |
| **105.** | Nicole Santiful |
| **106.** | Muriel F. Seaborn |
| **107.** | Shaniya Slade |
| **108.** | Darlene Smith |
| **109.** | Delores W. Smith |
| **110.** | Loretta Smith |
| **111.** | Michealla Smith |
| **112.** | Quiaira Smith |
| **113.** | Stanley Smith |
| **114.** | Tracy Smith |
| **115.** | Tammy P. Stephens |
| **116.** | Addie J. Sykes |
| **117.** | Doris Sykes |
| **118.** | LaShandice Sykes |
| **119.** | Sabrina L. Tanner |
| **120.** | LaRosa Thomas |
| **121.** | Nikesha Thomas |
| **122.** | Gladys Thompson |
| **123.** | Sherita Thorpe |
| **124.** | Angie Turner |
| **125.** | Kathie L. Tyler |
| **126.** | Kimberli Vaughan |
| **127.** | Joam D. Vinson |
| **128.** | Cynthia Warren |
| **129.** | Tiffany Warren |
| **130.** | Laquonda Washington |
| **131.** | Adrian Watson |
| **132.** | Beatrice Whitehead |
| **133.** | Demetrice Wiggins |

| | |
|---|---|
| **134.** | Jocelyn Wiggins |
| **135.** | Chaka Williams |
| **136.** | Gwendolyn Woodley |
| **137.** | Judy Woodley |
| **138.** | Maricole A. Wright |